UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ALLEN ECKARD,

           Plaintiff,

   v.

JEA LEE,

           Defendant.

Case No. C19-429 RAJ-MLP

ORDER

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Currently before the Court is Plaintiff's motion for summary judgment (dkt. # 11) and Defendant's motion to strike and for leave to file a surreply (dkt. # 17).[1] For the reasons stated below the Court GRANTS in PART Defendant's motion to strike and GRANTS Defendant's motion to file a surreply. Defendant's surreply is limited to the issues raised in Plaintiff's reply and shall be filed no later than July 12, 2019. The Clerk is directed to renote Plaintiff's motion for summary judgment (dkt. # 11) to July 12, 2019.

---

[1] Defendant incorrectly filed his request to strike material and file a surreply as a motion instead of a notice pursuant to LCR 7(g). A notice of intent to file a surreply pursuant to LCR 7(g) is not a motion and does not permit a response from Plaintiff unless requested by the Court. LCR 7(g)(4). Defendant's surreply may not exceed three pages. LCR 7(g)(3)

ORDER - 1

## II. FACTS AND DISCUSSION

Plaintiff Gabriel Eckard is currently confined at the Snohomish County Jail in Everett, Washington. He has filed a civil rights complaint under 42 U.S.C. § 1983 in which he alleges that Defendant Jae Lee used excessive force by placing Plaintiff in a restraint chair after Plaintiff pushed the emergency call button in his cell despite the fact there was no emergency. (Compl. (Dkt. # 5) at ¶¶ 7, 15.) Plaintiff filed his complaint on March 28, 2019, Defendant answered the complaint on May 30, 2019, and Plaintiff moved for summary judgment a week later. (*See generally* Dkt. ##1-11.) Plaintiff moves for summary judgment on the basis that there is no issue of fact that Defendant violated his constitutional rights under the Eighth and Fourteenth Amendments. (Mot. (Dkt. # 11) at 3-6.) Defendant filed a response to the motion arguing that there were genuine issues of material fact and, even if the Defendant had violated Plaintiff's constitutional rights, Defendant was entitled to qualified immunity because the right, if any, was not clearly established. (Resp. (Dkt. # 13) at 7-8.)

In his reply, Plaintiff properly addressed the issue of qualified immunity raised for the first time in Defendant's response and other defenses raised by the Defendant. (Reply (Dkt. # 15).) Plaintiff also added new arguments regarding the context surrounding his claim of excessive force. Plaintiff also took the opportunity to make inappropriate and wholly unnecessary racist comments regarding Defendant's race. (Mot. for Surreply at 2.) Defendant moved to strike the portions of Plaintiff's reply brief that (1) contain impertinent and scandalous matters; and (2) contain new allegations against Defendant. (Mot. to Strike (Dkt. # 17) at 1.)

This Court's Local Civil Rule 1(d) titled "Prohibition of Bias" sets forth the expectations for litigants appearing before this Court:

> Litigation, inside and outside the courtroom in the United States District Court for the Western District of Washington, must be free from prejudice and bias in any form. Fair

ORDER - 2

and equal treatment must be accorded all courtroom participants, whether judges, attorneys, witnesses, litigants, jurors, or court personnel. The duty to be respectful of others includes the responsibility to avoid comment or behavior that can reasonably be interpreted as manifesting prejudice or bias toward another on the basis of categories such as gender, race, ethnicity, religion, disability, age, or sexual orientation.

The Court finds that Plaintiff violated these expectations by making the statements in his reply brief relating to Defendant's race. The Court will strike the offensive, irrelevant language from Plaintiff's reply brief and cautions Plaintiff that any further derogatory statements regarding Defendant's race contained in a pleading before this Court will require the Court to strike the entire pleading.

Turning to Defendant's motion to strike the new allegations against Defendant contained in the reply brief, the Court first recognizes that, as a general rule, a "movant may not raise new facts or arguments in his reply brief." *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be introduced in a reply brief."). Here, Defendant raised the issue of qualified immunity and whether the Plaintiff's repetitive pushing of the emergency call button created a safety issue for the facility in his response. Plaintiff properly addressed these arguments in his reply. The Court nevertheless finds that a surreply to address Plaintiff's new facts and arguments is warranted.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS in PART Defendant's motion (dkt. # 17) to strike and GRANTS Defendant's motion to file a surreply no later than July 12, 2019. The Clerk is directed to renote Plaintiff's motion for summary judgment (dkt. # 11) to July 12, 2019.

Dated this 2nd day of July, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3